UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21cv24362

CRISTIAN NICOLAS YAVAR,

    Plaintiff,

vs.

SAKURA SUSHI BAR INC AND
LUIS E. GUTIERREZ,

    Defendants.
_____/

## COMPLAINT FOR FLSA VIOLATION(S)

Plaintiff, Cristian Nicolas Yavar, sues Defendants, Sakura Sushi Bar Inc and Luis E. Gutierrez, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Cristian Nicolas Yavar**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Sakura Sushi Bar Inc,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

1

6. **Defendant, Luis E. Gutierrez,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Luis E. Gutierrez, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, fish, rice, vegetables, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce.

14. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce in their sushi restaurant business.

15. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff last worked for Defendants from approximately January of 2016 until October 29, 2021.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Plaintiff's work for Defendants in the course of his work as a sushi chef.

21. Defendants paid plaintiff at a rate of $200 per day.

22. Patrons at Defendants' sushi restaurant also would leave cash tips in a jar at the sushi bar for Plaintiff and the other persons working at the sushi counter.

23. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

24. Plaintiff did not receive any of the cash tips left by customers.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

26. Defendants also retained the cash tips left at the sushi counter for themselves, and did not distribute them to Plaintiff.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period

28. Defendants also willfully and intentionally refused to provide Plaintiff with tips he earned in derogation of 26 U.S.C. §206(m)(2)(b).

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff the tips he earned and an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay him the tips he earned or an overtime rate, and/or

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Defendants concocted a scheme pursuant to which the deprived Plaintiff the tips and overtime pay earned.

30. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32. Plaintiff is entitled to a back pay award of the tips he earned and the overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Cristian Nicolas Yavar, demands the entry of a judgment in her favor and against Defendants, Sakura Sushi Bar Inc and Luis E. Gutierrez, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages plus tips wrongfully withheld by Defendants and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages and tips if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay, tips, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime and tip provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff, Cristian Nicolas Yavar, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of December 2021.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

6